**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| JAMES PAGLIEI, | ) | |
| | ) | |
| Appellant, | ) | C.A. No. N22A-08-004 MAA |
| | ) | |
| v. | ) | |
| | ) | |
| WHYFLY, LLC, and | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEALS BOARD, | ) | |
| | ) | |
| Appellees. | ) | |
| | ) | |

Date Submitted: December 28, 2022
Date Decided: March 27, 2023

## ORDER GRANTING APPELLEES' REQUEST FOR DISMISSAL

Before the Court is Appellant James Pagliei's ("Appellant") appeal from the underlying decision of the Appeals Referee with the Delaware Unemployment Insurance Appeal Board (the "UIAB"). Appellant is self-represented. The UIAB has filed a letter response requesting for a dismissal of this appeal. After consideration of the appeal and the UIAB's response thereto, the record in this matter, and the applicable legal authorities, the appeal is DISMISSED.

1. Appellant opened a claim with the Division of Unemployment Insurance (the "Division") on August 22, 2021, and filed for benefits effective the week of October 17, 2021, alleging that he was not provided with enough hours from

1

his employer, WhyFly, LLC ("WhyFly") due to the company experiencing a slow period.[1]

2. On October 6, 2021, Appellant's position with WhyFly was terminated.[2]

3. On February 8, 2022, the Claims Deputy (the "Deputy") denied Appellant's claim for unemployment insurance, finding that Appellant had refused a suitable full-time position with WhyFly for personal reasons.[3]

4. On February 14, 2022, Appellant appealed the Deputy's decision and participated in a telephonic hearing with the Appeals Referee (the "Referee") on March 29, 2022.[4] On April 7, 2022, the Referee denied the appeal, finding that Appellant refused an offer of suitable full-time employment.[5]

5. On April 13, 2022, Appellant timely appealed the Referee's denial to the UIAB.[6] Appellant failed to appear for the hearing on his appeal which was

---

[1] Certified Record ("R.") at 1; Div. Unemployment Insur. Notice of Determination, Docket No. 07078543 (Feb. 8. 2021).

[2] R. at 56; Referee's Decision, Appeal Docket No. 07078543 (Decision mailed Apr. 7, 2022)["Referee's decision"].

[3] *Id.* at R. at 1-2.

[4] *See* R. at 3-4, 7-54; Div. Unemployment Insur. Appeal Request Notification; Email Correspondence from Appellant to DOL (Feb. 14, 2022); Division of Unemployment Insur. Appeals, Tr. of Proceedings, Appeal Docket No. 07078543 (Mar. 29, 2022).

[5] R. at 55-57; Referee's Decision.

[6] R. at 59; Div. Unemployment Insur. Appeal Request Notification (Apr. 13, 2022).

scheduled for May 11, 2022.[7]  The appeal was denied on this basis.[8]

6.      On May 16, 2022, Appellant filed a request for a rehearing with the UIAB alleging that he did not receive notice of the May 11 hearing.[9]  On May 25, 2022, the UIAB conducted a summary review hearing and denied the rehearing request.[10]  The UIAB found that the notice mailed for the May 11 hearing was properly addressed to Appellant.[11]  The UIAB denied Appellant's rehearing request, because properly addressed mail is presumed to be received by the addressee and the mere denial of receipt is insufficient evidence to rebut this presumption.[12]

7.      On August 15, 2022, Appellant filed an appeal with this court, seeking judicial review of the merits of the Referee's decision denying his claim.[13]  The UIAB filed a letter response requesting a dismissal of this appeal on the basis that Appellant has failed to exhaust his remedies at the administrative level.[14]

8.      Pursuant to Superior Court Civil Rule 72(i), "[d]ismissal may be

---

[7] R. at 64-66; Notice of Hearing Before the Unemployment Insurance Appeals Board & Mailing Address Certificate (Mailed on Apr. 25, 2022).

[8] R. at 75; Decision of the Appeal Board (Mailed on May 11, 2022, Decision final on 5/21/2022); 19 *Del. Admin. C* § 1201 at Rule 4.2 ("All parties to the appeal and any witnesses shall be present in-person at the Board's hearing. Failure to appear within 10 minutes of the time indicated on the Notice may result in the Board hearing the appeal in absence of the delinquent party or, if the delinquent party is the appellant, dismissal of the appeal.").

[9] R. at 78-79; Appeal Request Notification and Email Correspondence from Appellant to DOL (May 16, 2022).

[10] R. at 80-84. Decision of the Unemployment Insur. Appeals Board, Appeal Docket No. 07078543 (Decision Mailed Aug. 4, 2022, Decision Final Aug. 14, 2022).

[11] *Id.*

[12] *Id.* citing *Straley v. Advanced Staffing Inc.,* 2009 WL 1228572, at *3 (Del. Super. Apr. 30, 2009).

[13] R. at 85-89; Appeal to the Delaware Superior Court, N22A-08-004  MAA (Aug. 15, 2022).

[14] UIAB Letter Response, Transaction ID 68338477 (Nov. 2, 2022).

ordered for untimely filing of an appeal, for appealing an unappealable interlocutory order, for failure of a party diligently to prosecute the appeal, for failure to comply with any rule, statute, or order of the Court or for any other reason deemed by the Court to be appropriate."[15]  Pursuant to 19 *Del. Admin. C.* § 3322, for the Superior Court to have jurisdiction over an appeal from an administrative board, it must first find that the claimant has exhausted all remedies at the administrative level.[16]  As explained below, whether Appellant has exhausted his administrative remedies is dependent on whether he was provided with legally sufficient notice of the UIAB hearing scheduled for May 11, 2022.

9.     The final remedy available to Appellant at the administrative level is a request for a rehearing of his appeal with the UIAB.[17]  Appellant did request a rehearing, which was denied for his failure to appear at the original hearing without

---

[15] Super. Ct. Civ. R. 72(i).

[16] "(a) Any decision of the Unemployment Insurance Appeal Board shall become final 10 days after the date of notification or mailing thereof, and judicial review thereof as provided in this subchapter shall be permitted only after any party claiming to be aggrieved thereby has exhausted all administrative remedies as provided by this chapter."  19 *Del. Admin. C.* §3322; *see also Davis v. Mountaire Farms*, 2012 WL 1415578, at *2 (Del. Super. Jan. 17, 2012) ("This Court is without jurisdiction to hear the merits of a case where a party has not exhausted his administrative remedies because he failed to appear at a Board hearing that he requested.") (citations omitted); *Jackson v. Murphy Marine Servs., Inc.*, 2002 WL 1288791, at *1 (Del. Super. Apr. 24, 2002); *Griffin v. Daimler Chrysler*, 2000 WL 33309877, at *2 (Del. Super. Apr. 27, 2001); *Carter v. Department of Labor*, Del. Super., C.A. No. 93A-03-001, Steele, J. (Nov. 12, 1993)(ORDER) at 2.

[17] 19 *Del. Admin. C* § 1201 at Rule 7. "The Board shall not consider any motion for rehearing of the Board's denial of a prior motion for rehearing."  *Id.* at Rule 7.3.  "Final decisions [by the Board] shall be accompanied by a notice of the right to appeal the Board's decision to Superior Court of the State of Delaware pursuant to 19 *Del. C.* §3323(a)."  *Id.* at Rule 6.4.  Within 10 days after the Board's decision becomes final, any party may secure review of the Board's decision in the Superior Court.   19 *Del. C.* §3323(a).

4

excusable neglect.[18]  The question thus becomes whether Appellant has exhausted the remedies available to him at the Board level despite his absence on the original hearing date.  If Appellant did not appear at the hearing despite being provided with legally sufficient notice, then he has not properly exhausted his administrative remedies.

10.    For the following reasons, the Court finds that Appellant was provided with legally sufficient notice of the May 11 hearing and that he has therefore failed to exhaust his administrative remedies by failing to appear.

11.    The UIAB issued a mailing address certificate showing that Appellant was mailed notice on April 25, 2022 for the hearing scheduled for May 11, 2022.[19] This notice included a warning that failure of Appellant to appear at the hearing could result in a dismissal of his appeal.[20]  The mailing address certificate lists Appellant's mailing address as the address on file with the Department of Labor, Division of Unemployment Insurance: 334 Fairview Road, Crum Lynne, PA 19022 ("334 Fairview").[21]  It is not in dispute that Appellant did not appear for the May 11

---

[18] R. at 78-84; Appeal Request Notification (May 16, 2022); Decision of the Unemployment Insur. Appeal Board, Appeal Docket No. 07078543 (Decision Mailed Aug. 4, 2022, Decision Final Aug. 14, 2022).
[19] R. at 66.  Mailing Address Certificate (Mailed on Apr. 25, 2022).
[20] R. at 65. Notice of Hearing Before the Unemployment Insurance Appeals Board (Mailed on Apr. 25, 2022).
[21] R. at 65. Notice of Hearing Before the Unemployment Insurance Appeals Board (Mailed on Apr. 25, 2022).

hearing or that the 334 Fairview address is Appellant's correct mailing address.[22]

12.   On May 11, 2022, the UIAB mailed its decision to the 334 Fairview address as indicated by the mailing address certificate.[23]   On May 16, 2022, Appellant filed a request for a rehearing of his appeal to the UIAB claiming that he did not receive notice of the May 11 hearing, evidently having received notice that his appeal was denied.[24]   Appellant has provided no corroborating evidence to support his assertion that the May 11 hearing notice, which listed the same address as the denial notice, was either not mailed, or mailed but not delivered.   Properly addressed mail is presumed to be received by the addressee and the mere denial of receipt is insufficient evidence to rebut this presumption.[25]

13.   The transcript of Appellant's hearing with the Referee provides probative evidence that Appellant may have failed to appear to the May 11 hearing not because of any error on the part of the UIAB, but because he may not have been residing at the 334 Fairview Rd. address between the date when the notice of the

---

[22] *See* R. at 79 (email correspondence from Appellant to the DOL wherein Appellant lists his address as 334 Fairview Rd, Crum Lynne, PA 19022).

[23] R. at 75-77; Decision of the Appeal Board from Decision of Randi Kremer (Decision mailed May 11, 2022, Decision final May 21, 2022).

[24] R. at 78-79; Appeal Request Notification and Email Correspondence from Appellant to DOL (May 16, 2022). Although Appellant notes in his request for a rehearing to the UIAB that his employer also did not appear at the May 11 hearing, this is not sufficient evidence that his employer did not receive notice of the hearing. The employer was not required to appear at the May 11 hearing.

[25] *Peregoy v. Delaware Hospice*, 2011 WL 3812246, at *2 (Del. Super. Aug. 12, 2011) citing *Rampulla v. Jimmy's Grille & Catering,* 2009 WL 2852433, at *2 (Del. Super. June 5, 2009); *Straley v. Advanced Staffing Inc.,* 2009 WL 1228572, at *3 (Del. Super. Apr. 30, 2009).

May 11 hearing arrived and the date of the hearing.[26] Appellant's testimony at his hearing with the Referee, when viewed as a whole, suggests that Appellant was a frequent traveler and that he may not have been present at 334 Fairview Rd. during the relevant period. If Appellant was residing at another address part-time and wished to receive mail from the Division at this other address, it was his responsibility to update the Division with this information.[27] The record shows that the only address Appellant listed with the Division is the 334 Fairview Rd. address.[28] Appellant has provided no supporting evidence to rebut the presumption that the hearing notice was mailed and delivered to 334 Fairview Rd. before the hearing. The court finds the UIAB provided sufficient notice of the May 11 hearing.

14. Pursuant to Board Rule 7.1, the UIAB has sole discretion to grant or deny a request for a rehearing.[29] The court does not find that the UIAB abused its discretion by denying Appellant's request for a rehearing.

15. Appellant has provided no evidence, nor is there evidence in the record below, that the UIAB abused its discretion in denying Appellant's request.

---

[26] R. at 31-32. Appellant testified that when he was employed with WhyFly in 2021, "I was able to work from any location . . . and I did frequently . . .So the travel wasn't a big deal because I was – as long as I had internet access, I was able to do my job." *Id.* Appellant further testified that when his position was terminated, he was working in Charlotte, North Carolina and was informed that he was terminated because the company desired an employee who would be working in the office rather than remotely. R. at 35-36.

[27] 19 *Del. Admin. C.* § 1201 at 7.0.

[28] *See generally* Certified Record.

[29] 19 *Del. Admin. C.* § 1201 at Rule 7.1.

For these reasons, the UIAB's request to dismiss this appeal is GRANTED. The appeal is dismissed because Appellant has not shown that he exhausted his administrative remedies, thus this Court does not have jurisdiction to hear the appeal. **IT IS SO ORDERED.**

/s/ Meghan A. Adams

**Meghan A. Adams, Judge**

March 27, 2023

Cc: Prothonotary